■ SIDNEY BERGER, Respondent-Appellant, v MEDTRONIC, INC., Appellant-Respondent. [646 NYS2d 293] —In an action to recover damages for personal injuries, the defendant appeals from (1) so much of an order of the Supreme Court, Queens County (Milano, J.), dated March 14, 1995, as denied those branches of its motion which were for summary judgment dismissing the plaintiff's causes of action to recover damages for breach of an express warranty and an implied warranty, and (2) so much of an order of the same court dated July 6, 1995, as, upon reargument, adhered to the denial of the branch of its motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages for breach of an express warranty, and the plaintiff cross-appeals from so much of the order dated July 6, 1995, as granted the defendant's motion for reargument, and upon reargument, dismissed the plaintiff's cause of action to recover damages for breach of an implied warranty.

Ordered that the appeal from so much of the order dated March 14, 1995, as denied the branch of the defendant's motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages for breach of an implied warranty is dismissed, without costs or disbursements, as that part of the order was superseded by the branch of the order dated July 6, 1995, which, upon reargument, dismissed the plaintiff's cause of action to recover damages for breach of an implied warranty; and it is further,

Ordered that the order dated March 14, 1995, is affirmed insofar as appealed from and reviewed, without costs or disbursements; and it is further,

Ordered that the order dated July 6, 1995, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly dismissed the plaintiff's cause of action to recover damages for breach of an implied warranty as being preempted by the provisions of the Medical Device Amendments, 21 USC § 360k *(see, Michael v Shiley, Inc.,* 46 F3d 1316; *Martello v Ciba Vision Corp.,* 42 F3d 1167; *Mendes v Medtronic, Inc.,* 18 F3d 13; *King v Collagen Corp.,* 983 F2d 1130; *Richman v Gore & Assocs.,* 881 F Supp 895). Moreover, we agree with the Supreme Court's denial of the branch of the defendant's motion which was to dismiss the plaintiff's cause of action to recover damages for breach of an express warranty.

Under the circumstances presented here, whether the plaintiff's cause of action to recover damages for breach of an express warranty is Federally preempted by the Medical Device Amendments cannot be determined on the papers submitted on the defendant's motion for summary judgment *(see, Duvall v Bristol-Myers-Squibb Co.,* 65 F3d 392; *see also, Michael v Shiley, Inc., supra; cf., King v Collagen Corp., supra; Martello v Ciba Vision Corp., supra).* Bracken, J. P., Miller, Copertino and Krausman, JJ., concur.